UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Fayard, et al                                                Civil Action No. 6:10-0058

versus                                                  Judge Tucker L. Melançon

Zurich American Ins. Co.,et al                  Magistrate Judge C. Michael Hill

### ORDER

Before the Court is a Motion To Remand filed by plaintiffs, Phillip Fayard, Shirley Fayard and Krystal Fayard, individually and on behalf of her minor children, Austin Guidry and Alexis Guidry [Rec. Doc. 16], defendants' opposition thereto [Rec. Doc 20] and defendants' additional response to plaintiffs' motion [Rec. Doc. 26].

*Background*

This matter arises out of an automobile accident that occurred on September 18, 2008. Plaintiffs filed a Petition in the Fifteenth Judicial District Court, Parish of Acadia, Louisiana on September 21, 2009 naming as defendants Zurich North American Insurance Company, Henkels & McCoy, Inc., Global Rental Company and Philip Conklin ("defendants"). *R. 1-3, Petition.* Defendants removed the case to this Court on January 13, 2010 pursuant to diversity jurisdiction under 28 U.S.C. § 1332. *R. 1.* At the June 1, 2010 Rule 16 conference, plaintiffs offered to stipulate that the minimum jurisdiction in this Court was not satisfied as to any of the plaintiffs. The Magistrate Judge ordered defendants to advise the court, in writing, whether the defendants would accept plaintiffs' offer to stipulate. *R. 11.* On June 17, 2010, plaintiffs filed a Stipulation of Damages Less Than Seventy Five Thousand Dollars, which was electronically executed by plaintiffs' counsel. *R. 12* The stipulation also included "electronic signatures" of each of the plaintiffs. *Id.* On June 24, 2010, defendants filed an Opposition to Stipulation stating "[d]efendants show that all three of the plaintiffs' individual causes of action and amount in controversy exceed $75,000.00" *R. 13.* On August

18, 2010, plaintiffs filed their Motion to Remand and cited their Stipulation, asserting that the matter did not exceed the sum of $75,000.00 for any of the plaintiffs. *R. 16*. Defendants filed a brief in opposition to the motion outlining each plaintiff's injuries and diagnoses. *R. 20*. The Court conducted a telephone conference with the parties on September 22, 2010. *R. 24*. On September 29, 2010, pursuant to the Court's order given during the telephone conference, defendants filed an additional response to plaintiffs' motion to remand setting out specific references and evidentiary support for their position that plaintiffs' damages exceed the $75,000.00 threshold for each plaintiff required for jurisdiction in this Court. *R. 26*.

*Analysis*

It is well settled that when faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy. *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 397 (5th Cir. 1998). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir.2002).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of

jurisdiction. *Id.* However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869.

Here, plaintiffs have failed to provide a binding stipulation that their damages are less than seventy-five thousand dollars each. Under the Local Rules of the Western District of Louisiana, LR 5.7.01W, .02W, .08W, only attorneys admitted to the Western District may execute a document by electronic signature. Plaintiffs' electronic signatures are therefore invalid. Further ,as it is not facially apparent from the Petition that each of the plaintiff's claims are likely to exceed $75,000, defendants have the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. In support of their removal of this action, defendants cite the Court to each plaintiff's medical records which existed at the time of removal:

*1. Phillip Fayard*

The record establishes that plaintiff Phillip Fayard's medical expenses total $10,242.00. *R. 26, Exh. 1.* Plaintiff's MRI reports dated February 3 and April 28, 2009 show herniations at L3-4 and L5-S1 and probable herniations at L4-5 as well as herniations at C2-3, C3-4, C4-5, C6-7 and T1-2. *Id., Exhs. 2; 3.* In office visits dated April 20, May 20 and June 22, 2009, plaintiff's treating physician, Dr. Donald Dietze, noted that plaintiff reported back and neck pain since his motor vehicle accident in September 2008. Dietze diagnosed plaintiff with lumbar disc disorder, back pain, cervical disc disorder and neck pain. In his June 22, 2009 evaluation, Dr. Dietze opined that it was more likely than not that the motor vehicle accident in September 2008 is the cause of plaintiff's persistent neck and back pain.

Dietze recommended that plaintiff have steroid injections, but if after one year post injury he had not recovered, plaintiff would be a candidate for cervical surgery.

2. *Shirley Fayard*

Plaintiff Shirley Fayard's medical expenses total $11,426.00. *Id., Exh. 6*. November 19, 2008 MRI reports of her cervical and lumbar spine state that plaintiff has degenerative disc at C2-3, C3-4, C4-5 and C5-6 with disc protrusion at C3-4 as well as lumbar disc desiccation, degenerative change at T12 and small hemangiomas at L2 and L5. *Id., Exhs. 7,8*. In his May 6, and June 22, 2009 reports of plaintiff's examination, Dr. Dietze diagnosed neck pain, cervical disc disorder, cervical spondylosis, back pain and lumber disc disorder. *Id. Exh. 9*. He opined that the September 2009 accident aggravated her pre-existing cervical disc disease and/or caused a new disc injury superimposed on the cervical disc disease. *Id*. He recommended continuing her pain medications and chiropractic treatments for one year post injury and concluded that she is a potential candidate for C5-6 anterior cervical discectomy and fusion.

3. *Krystal Fayard*

Plaintiff Krystal Fayard's medical expenses total $25,620.26. *R. 26, Exh. 10*. Reports dated October 13, 2008 and February 26, 2009, from the Advanced Medical Care & Wellness Center, Dr. Samuel Greenberg and Dr. Jerome Murpel, state that plaintiff, a 20 year old female, sustained a "direct impact injury" to her right forehead requiring stitches. She reported mid to low back pain radiating into her legs with numbness and knee and neck pain and headaches. She stated that her pain interferes with activities of daily living. *Id., Exhs. 12, 13*. Plaintiff was diagnosed with cervical and lumbar strain and sprain, posttraumatic headaches and bilateral knee pain. She was prescribed pain medication and was instructed to continue conservative therapy. *Id.* As of June 12, 2009, plaintiff received 36 chiropractic treatments and 12 trigger point injections. *Id., Exh. 11*. The record indicates that she also

had an EEG and nerve conduction velocity studies which were normal. *Id., Exh. 14.* The May 28, 2009 report of Dr. Chad Michael Domangue, at the Neuro-Science and Pain Institute, states that plaintiff was diagnosed with cervical sprain, muscle spasms - soft tissue injury, and lumbar sprain. Dr. Domangue fitted her with a TENS unit and prescribed pain medications and continued massage and manipulation. *Id, Exh. 15.*

Defendants contend that each plaintiff's damages "well exceed $75,000." *R. 26.* Defendants state without jurisprudential support, presumably in the alternative, that "only one of the claimants' damages need exceed that amount in order for this court to have subject matter jurisdiction." *Id.* To the contrary, the Fifth Circuit in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir.,1995) instructed:

> The Supreme Court has long interpreted § 1332's phrase "matter in controversy" not to allow multiple plaintiffs to add together "separate and distinct demands, unite[d] for convenience and economy in a single suit," to meet the requisite jurisdictional level. *See Snyder v. Harris*, 394 U.S. 332, 336, 89 S.Ct. 1053, 1057, 22 L.Ed.2d 319 (1969) (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40, 32 S.Ct. 9, 9, 56 L.Ed 81 (1911)); *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973) ("[O]ne plaintiff may not ride in on another's coattails.") (citation omitted). The general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332.

The Court agrees, however, that based on the record, each of the plaintiff's causes of action could in fact exceed $75,000.

It is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000. *See, e.g.,Guidry v. Millers Casualty Ins. Co.,*822 So.2d 675 (La. App. 1 Cir. 6/21/02) (auto accident victim with aggravation of a degenerative lumbar condition and lingering pain awarded $50,000); *Locke v. Young*, 973 So.2d 831 (La. App. 2 Cir. 12/12/07) ($75,000 awarded for two lumbar bulging discs with the prospect of a possible future surgery caused by accident); *Pannell v. Encompass Ins. Co.*, 956 So.2d 152 (La. App. 3 Cir. 5/2/07) ($90,000 awarded for aggravation of herniated lumbar discs in which

5.

a subsequent surgery was found not related to auto accident); *Duchamp v. State Farm Mut. Auto. Inc. Co.*, 916 So.2d 498 (La. App. 3 Cir. 11/2/05) ($135,000 awarded for herniated disc causing continuous chronic neck pain with surgery not contemplated). The jurisprudence also establishes that awards for soft tissue injuries of the neck and back have been as much as $45,000 to $55,000. *See, e.g., Leonard v. State Farm Mut. Auto. Ins. Co.*, 900 So.2d 322 (La. App. 2 Cir. 4/20/05)($55,000 award for soft tissue injuries and headaches after serious vehicular collision; chiropractic treatment for chronic neck and upper back pain); *Moraus v. Frederick*, 916 So.2d 474 (La. App. 3 Cir. 11/2/05) ($46,000 award for sort tissue injuries and seventeen months of conservative medical treatment after vehicular accident).

Based on the foregoing, defendants have shown to a legal certainty that the sum of the medical expenses in addition to an award of general damages for injuries sustained would likely result in an amount which exceeds the jurisdictional amount for each of the plaintiffs, Phillip Fayard, Shirley Fayard and Krystal Fayard. Accordingly it is,

**ORDERED** that plaintiffs' Motion To Remand [Rec. Doc. 16] is **DENIED**.

Thus done and signed this 19th day of October, 2010 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE